UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CHARLES WILLIAM TACKETT                                        PLAINTIFF

v.                                      CIVIL ACTION NO. 3:11CV-P40-R

COOKIE CREWS *et al.*                                             DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions filed by Plaintiff. They are addressed below.

**(1) Motion for appointment of counsel (DN 9).** Plaintiff advises that he is a 64-year-old veteran with an honorable discharge; that he is a qualified individual under the Americans with Disabilities Act ("ADA"); that he does not have a legal education; that he has tried to obtain counsel; and that he had to have a fellow inmate write up his § 1983 complaint and all motions, which he then hand-copied. The fellow prisoner, Michael St. Clair, filed a letter advising that he enclosed this and the following motions on behalf of Plaintiff (DN 11).

In a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1), court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining

whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

Although claimed otherwise by Plaintiff, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this early stage in the litigation. As to Plaintiff's statement that he had another inmate write up his complaint and motions, which he then hand-copied, the Court first clarifies that Inmate St. Clair is prohibited from representing Plaintiff and signing documents on his behalf. This would constitute the unauthorized practice of law. Second, it appears to the Court that Inmate St. Clair is merely assisting Plaintiff (who has told Inmate St. Clair about his problems) in the preparation of Plaintiff's filings and that Plaintiff is signing them himself and aware of their content. While Plaintiff mentions that he is 64 years old and a qualified individual under the ADA, he does not indicate that he has any mental or physical problem that would prevent him from representing himself. Finally, although Plaintiff claims that he is not trained in the law, such is the case for most inmates, and Plaintiff has advised that he has assistance from another inmate in the preparation of his papers. Nothing in the record at this time shows any extraordinary circumstances warranting appointment of counsel.

**IT IS THEREFORE ORDERED** that the motion for appointment of counsel (DN 9) is **DENIED**. Plaintiff may renew his motion should he believe extraordinary circumstances have arisen.

**(2) Motion for any and all discovery to be turned over to Plaintiff (DN 7), motion for summary judgment by default because Defendants failed to file an answer (DN 8), and motion for the complaint to go forward by ordering a jury trial (DN 10).** This action is at the preliminary review stage under 28 U.S.C. § 1915A. The review is to take place prior to service on Defendants. Because Defendants have yet to be served, no answer is due, and discovery and a jury trial are both premature. **IT IS THEREFORE ORDERED** that the motion for discovery (DN 7), the motion for default judgment (DN 8), and the motion for jury trial (DN 10) are **DENIED**.

Date:


cc: Plaintiff, *pro se*
4413.005