# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

CHARLES WILLIAM TACKETT                               PLAINTIFF

v.                                               CIVIL ACTION NO. 3:11-CV-P40-R

COOKIE CREWS *et al.*                                      DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the claims will be dismissed and the others will continue.

## I. SUMMARY OF CLAIMS

Plaintiff, a convicted inmate currently incarcerated in the Kentucky State Reformatory ("KSR"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against KSR Warden Cookie Crews, Officer Adam Duncan, and Inmate Jermie Richardson. He sues Defendants Crews and Duncan in their individual and official capacities and Defendant Richardson in his individual capacity only.

Plaintiff reports that at KSR in June or July 2010, Defendant Duncan (a black officer) asked him if there were any "Queers" like Plaintiff in Plaintiff's family. Plaintiff answered in the negative but told Defendant Duncan a story about Plaintiff's grandfather, who Plaintiff claims was a racist and member of the Ku Klux Klan. Plaintiff alleges that Defendant Duncan told him he liked the story. Later that night, however, claims Plaintiff, Defendant Duncan went to Plaintiff's cell in Dorm 8 and from that day on called Plaintiff an "old fagget races." Plaintiff states, "Then other black males young and older inmates called [him] a premist races and a Queer that some one needs to beat him up until he dies."

Plaintiff reports writing to Defendant Warden Crews, who is black, about the racist remarks. Plaintiff claims that Defendant Crews took no action against Defendant Duncan, except to talk to him, and that the talking did not stop Defendant Duncan from calling him a racist in front of staff and inmates causing him to be a "target from other black inmates at K.S.R." Plaintiff further reports that Defendant Crews had Plaintiff see a psychologist and CUA II Alice Boyd.

Sometime thereafter, Plaintiff reports being moved from Dorm 8 due to Defendant Duncan's racist remarks to Dorm 6 in a cell with a black inmate, but the black inmate told staff he did not want a racist in a cell with him. On August 26, 2010, Plaintiff was moved to segregation and later moved from segregation back to Dorm 6 with a different black inmate, Defendant Richardson, who also did not want Plaintiff in a cell with him. Plaintiff claims that Defendant Richardson was Defendant Duncan's best friend and looked up to Defendant Duncan. He advises that Defendant Richardson "strong armed [him] out of $100.00 of canteen items" by threatening to beat him up. When Plaintiff told Defendant Richardson that he was not going to buy any more items, Defendant Richardson beat Plaintiff up in front of 40 inmates (both white and black) while Officer John and Lt. Banta watched. This occurred on September 26, 2010.

Plaintiff reports that Lt. Banta took him to the captain's office while three other officers took Defendant Richardson in handcuffs to segregation. While Plaintiff was in the captain's office, Nurse Dania examined the bruises on Plaintiff's body while Lt. Banta and Sgt. Valentine laughed. According to Plaintiff, however, "other staff" said that it was a shame that Lt. Banta did not stop the beating. Plaintiff was asked if he wanted protective custody, and he answered in the negative and signed a sheet indicating such. Later, Defendant Richardson was transferred to another prison.

Plaintiff claims that the assault would not have taken place if Defendant Duncan had not spread the racist remarks around about him. He reports injuries to his face, neck, chest, back, stomach, crotch area, rectum, thighs, legs, and feet. Plaintiff (who is 63 years old) states that Defendant Richardson (who is 30 years old) kicked him while he was face down on the floor until he thought he was dead.

In October 2010, Defendant Duncan passed Plaintiff in front of the clinic. Defendant Duncan then pushed Plaintiff off of the sidewalk and into the grass and said, "races Mother F----er brake my bones you no good races." This was said in front of several officers and around 100 inmates. As he was walking away, Defendant Duncan said, "Me and the Warden is the same color there's nothing that any body can do," and he kept repeating, "'Old Queer races Tackett has to serve out his days on this yard and I'll always be hear to run his face in the first the Old races queer." Other officers shook their heads, while other inmates said that he needs to be fired.

Thereafter, Lt. Puckett placed Plaintiff in segregation because inmates were threatening bodily harm to him. Plaintiff advises that some of the staff is trying to transfer him.

As relief, Plaintiff seeks monetary and punitive damages and an injunction "not to be hurt, nor discriminated against, nor retaliated against by Defendants."

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518

F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-capacity claims against Defendants Crews and Duncan

State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, official-capacity claims for damages against state officials are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Accordingly, the official-capacity claims for damages against Defendants Crews and Duncan must be dismissed.

### B. Individual-capacity claims against Defendants Crews and Duncan

Because Plaintiff indicates that Defendants acted with "deliberate indifference," the Court construes the action as arising under the Eighth Amendment to the United States Constitution. The Court will allow the Eighth Amendment claims to proceed against Defendants Crews and Duncan in their individual capacities.

### C. Individual-capacity claim against Defendant Richardson

In order to be subject to suit under § 1983, Defendant Inmate Richardson's conduct must be fairly attributable to the state; that is, the challenged action must have been taken under color of state law. *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-39 (1982); *Simescu v. Emmet County Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). Defendant Richardson, a fellow inmate of Plaintiff's at KSR, was not a person acting under color of state law when he assaulted Plaintiff. *See Nobles v. Brown*, 985 F.2d 235 (6th Cir. 1992); *Butler v. Jenkins*, 450 F. Supp. 574 (E.D. Tenn. 1978). While a private citizen may be liable under § 1983 if he conspired or acted jointly with a state actor to deprive a plaintiff of his or her constitutional rights, *Tower v. Glover*, 467 U.S. 914, 920 (1984); *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980), no such allegation is present here. To be sure, Plaintiff does not claim that Defendant Richardson assaulted him at the direction of Defendant Duncan or any other state actor. Rather, Plaintiff claims that Inmate Richardson assaulted him because Plaintiff stopped buying him items from the canteen. Thus, Defendant Richardson is not subject to suit under § 1983, and he must be dismissed from this action.

## IV.  ORDER

For the reasons set forth more fully above, **IT IS ORDERED** as follows:

(1)  the official-capacity claims against Defendants Crews and Duncan are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) and as barred by the Eleventh Amendment;

(2)  the individual-capacity claim against Defendant Richardson is **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1); and

(3)  **the Eighth Amendment, individual-capacity claims against Defendants Crews and Duncan may proceed beyond initial review.**  A separate Scheduling Order will be entered governing the development of these continuing claims.

Finally, Plaintiff names several officers in the body of the complaint that he does not name as Defendants.  Should Plaintiff wish to amend the complaint to add any of these individuals to the action, **IT IS ORDERED that Plaintiff may file an amended complaint on a court-supplied form within 21 days** of entry of this Memorandum Opinion and Order.  The **Clerk of Court is DIRECTED** to affix the instant case number and the word "Amended" on a form for filing a § 1983 complaint and send it to Plaintiff.

Date:

cc:     Plaintiff, *pro se*
        Defendants
        General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005